FILED BY _____ D.C.

05 JUN 30 PM 3: 56

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SMITH & NEPHEW INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 04-2446-B/P |
| v. | ) | |
| | ) | |
| STRYKER CORPORATION and | ) | |
| HOWMEDICA-OSTEONICS | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

[PROPOSED]
**STIPULATED PROTECTIVE ORDER**

WHEREAS certain information, documents and things subject to discovery in this action may be claimed to be highly sensitive or to contain a trade secret or other confidential research, development, strategy, marketing, sales, business or commercial information;

WHEREAS it has been agreed by and among plaintiff Smith & Nephew, Inc. ("Smith & Nephew") and defendants Stryker Corporation and Howmedica-Osteonics Corporation (collectively "Stryker"), through their respective counsel, that a Stipulated Protective Order preserving the confidentiality of certain documents and information should be entered by the United States District Court for the Western District of Tennessee; and

WHEREAS the Court has reviewed the terms and conditions of the Stipulated Protective Order submitted by the parties;

IT IS HEREBY STIPULATED AND ORDERED:

1.      Scope. The Stipulated Protective Order shall apply to all information, documents and things subject to discovery or provided in the above-identified action including, without



limitation, testimony adduced at depositions upon oral examination or upon written questions, testimony adduced at hearings, answers to interrogatories, documents and things produced (including documents and things produced to the Receiving Party(ies) for inspection and documents and things provided to the Receiving Party(ies), whether in the form of originals or copies) by a Disclosing Person, information obtained from inspection of premises or things, and answers to requests for admissions. This Stipulated Protective Order is binding upon the parties to this litigation, including their respective attorneys, agents, representatives, officers, employees and other as set forth in this Stipulated Protective Order.

2.    Third Parties.  A copy of this Stipulated Protective Order shall be furnished to each third party required to produce documents or otherwise formally disclose information in response to discovery requests during this litigation.  Such third parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Stipulated Protective Order and thereby become a Disclosing Person for purposes of this Stipulated Protective Order.

3.    Definitions.

(a)    "Receiving Party(ies)" means any party to this action receiving information, documents or things from a Disclosing Person.

(b)    "Disclosing Person" means parties as well as nonparty persons or entities subject to discovery in this action.

(c)    "Outside Counsel" means outside law firms and/or lawyers that have been retained by a party or third party to provide advice in connection with this action. Outside Counsel includes attorneys, patent agents, paralegals, assistants and stenographic, clerical and support employees of the respective law firms and/or lawyers.

(d)     "Confidential Information" means non-public information, documents and things designated by a Disclosing Person as "Confidential," in the good faith belief that such information, documents and things relate to sensitive or confidential business information, including:

> (i)     research or development activities, whether or not such research or development has resulted in a commercial product;
>
> (ii)    proposed research or development activities;
>
> (iii)   non-public sales, marketing and/or other strategic plans;
>
> (iv)    customer lists and other customer-specific information
>
> (v)     non-public financial information as to sales, manufacturing and costs;
>
> (vi)    pending, unpublished patent applications, or
>
> (vii)   other highly sensitive business information whose unauthorized disclosure might cause competitive damage or lessen a competitive advantage.

The above list is intended to be illustrative of Confidential Information only, and is not intended to provide an exhaustive list of information, documents or things that may be designated in good faith as "Confidential Information."

4.     <u>Use of Discovery Materials, Confidential Information.</u>  All information, documents, and things learned or provided pursuant to discovery in the above-identified action shall be used solely for the preparation and trial of this lawsuit, settlement discussions or negotiations in connection with this lawsuit, and any form of alternative dispute resolution concerning this action, and for no other purpose.  Copies or excerpts of, information contained

within, or summaries, notes or charts containing any information, document or thing designated as "Confidential" shall be treated as Confidential Information. Nothing in this Stipulated Protective Order shall prohibit or restrict a Disclosing Person from disclosing or using in any way its own Confidential Information. Notwithstanding any other provisions of this Protective Order and irrespective of which party produced such information, nothing herein shall prohibit counsel for a party from disclosing, during direct examination or cross examination at a deposition, hearing or trial, Confidential Information to any person whom the document clearly identifies as an author, addressee, or recipient of such document. Regardless of such designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such person without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

5.    Labeling.  Each document or thing provided to the Receiving Party(ies), or any portion thereof, each set of interrogatory answers or portion thereof, and each set of answers to requests for admission or portion thereof that discloses information deemed by the Disclosing Person in good faith to be Confidential Information, as such term is defined in paragraph 3, shall be so identified at the time of service of such discovery by including on each page the legend "CONFIDENTIAL" or, if provided to the Receiving Party(ies) prior to the date of the entry of this Stipulated Protective Order, may be so identified within fourteen (14) calendar days of that date. Information being designated as "Confidential" that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the Disclosing Person in a writing provided to the Receiving Party(ies) at the time of production.

4

6.    Initial Inspection.  If a Disclosing Person elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents and things produced for initial inspection will be considered as having been designated as "Confidential."  Thereafter, on selection of specified documents for copying by the inspecting party, the producing party shall mark either the original documents or the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

7.    Depositions.  Depositions, or portions thereof, may be designated as "Confidential" at the time of the deposition.  If no such designation is made at the deposition, each transcript shall be presumptively deemed to be Confidential Information and subject to the provisions of this Stipulated Protective Order for a period of thirty (30) calendar days following the delivery of the transcript by the reporter.  Within thirty (30) calendar days of the delivery of the transcript, counsel for the deponent (if the deponent is not a party) or Outside Counsel for any party may designate certain portions of the deposition as "Confidential" by notifying all counsel of record in writing of said designation(s).  Outside Counsel for each party shall be responsible for marking the designated portions of copies of the transcript in their possession as "CONFIDENTIAL" in accordance with the requirements of paragraph 5.  Portions of the transcript not designated by Outside Counsel or counsel for the deponent, within thirty (30) calendar days after receipt of the transcript, as "Confidential" shall be considered not to contain any Confidential Information.  Outside Counsel and/or counsel for the deponent shall make their best efforts not simply to designate an entire transcript as "Confidential" and shall make a good

faith effort to designate Confidential Information by page and line number.  Designations of portions of the transcript shall have no effect on the designations of the deposition exhibits.

If counsel for any party or for the deponent designates a portion of a deposition as "Confidential" on the record during the deposition, the designating party shall have the right to have all persons not bound by this Protective Order or not entitled to access to the Confidential Information excluded from the deposition, or any portion thereof, before the taking of testimony that has been designated as "Confidential."

8.    <u>Access to Confidential Information.</u>  Information, documents and things identified as Confidential Information pursuant to this Stipulated Protective Order shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, to anyone other than:

(a)    Outside Counsel for the parties, except individuals who prepare or prosecute patent applications concerning the subject matter of the patent-in-suit during the pendency of this action;

(b)    Independent technical experts or consultants who have been qualified to receive Confidential Information, and signed a Certificate of Confidentiality in the form attached as Exhibit A ("the Certificate").  The Certificate, along with the name, address, occupation and curriculum vitae of any such proposed independent expert shall be served upon all attorneys of record of the Disclosing Party ten (10) business days in advance of the first disclosure of any protected information to any such expert.  Unless the attorneys of record of the Disclosing Party notifies the proposing attorney in writing of an objection to the proposed expert within ten (10) business days in advance of the first disclosure of any protected information to

any such experts, such designated person shall thereafter be deemed qualified to receive Confidential Information, provided he/she manifests his/her assent to be bound by the provisions of this order by signing the Certificate. Upon request, the proposing attorney shall provide responses to reasonable requests for information regarding the proposed expert so that the notified party can determine whether to object to the expert. In the event of a written objection as provided above, the parties shall first try to resolve the dispute in good faith, on an informal basis before seeking relief from the Court. If an objection is received within the ten (10) business day period, then the Confidential Information shall not be disclosed until the objection is withdrawn, or the matter is resolved upon the objecting party moving to prevent the disclosure of Confidential Information to such expert. The objecting party shall have twenty (20) days from receipt of the executed Certificate to bring such a motion and the Confidential Information shall not be disclosed to such expert during dependency of any such motion;

(c)      independent litigation support service personnel with whom persons defined in paragraphs 8(a) and 8(b) work in connection with the above-captioned action, including, for example, trial graphics or jury research firms and individuals retained by those firms, provided that any such personnel shall first execute a Certificate of Confidentiality as above provided;

(d)      Court officials (including court reporters and any special master, discovery master or technical advisor appointed by the court) and the Court's staff in connection with the Court's administration and adjudication of this action; and

7

(e)    two designated in-house attorneys for each party, provided the restrictions set forth in paragraph 9 below with respect to in-house attorney access are observed.

9.    <u>Access By In-House Counsel To Confidential Information.</u>  A Receiving Party may designate no more than two (2) attorney members of its in-house counsel staff to receive Confidential Information as provided in paragraph 8(f) above, and subject to the terms of this paragraph 9.

(a)    In-house counsel  shall not be provided with or be given access to any Confidential Information that refers or relates to non-published patent applications of the Disclosing Party or to ongoing R&D activities of the Disclosing Party.

(b)    Each Disclosing Party shall have the burden of (i) identifying by Bates stamp number to any Receiving Party any Confidential documents produced by it that may not be disclosed to in-house counsel for such Receiving Party, and (ii) identifying by page and line numbers any deposition testimony that may not be disclosed to in-house counsel.

(c)    In order to maintain the confidentiality of Confidential Information, designated in-house counsel shall take all necessary steps to prevent any other officer, director, employee, or agent of the Receiving Party  from gaining any access to Confidential Information.  Designated in-house counsel shall use Confidential Information solely to assist Outside Counsel in the preparation and trial of this lawsuit, settlement discussions, and negotiations in connection with

this lawsuit, or any form of alternative dispute resolution of this action, and for no other legal or business purpose.

(d)     Confidential Information shall not be disclosed to designated in-house counsel until and unless such person has executed a Certificate of Confidentiality in the form attached to the Protective Order as Exhibit A acknowledging that he or she has read a copy of the Protective Order, and agrees to be bound by its terms.

10.     Filing Under Seal.  All pleadings, briefs, discovery responses, transcripts, exhibits, or other documents or things containing any Confidential Information shall be filed with this Court in sealed envelopes or other appropriately sealed containers bearing the caption of this litigation, the word "CONFIDENTIAL," and an external legend substantially in the following terms:

> The contents hereof include confidential information filed in this case by [name of party] in accordance with a Protective Order entered in this case on [date].  This envelope or container is not to be opened nor are the contents hereof to be displayed or revealed except by or at the direction of the Court, and shall be returned to [name of filing party] upon termination of all proceedings in this case.  Counsel for the parties may open service copies of this envelope or container subject to the provisions of the Protective Order.

The materials so filed shall be impounded until sixty (60) days after the entry of final judgment herein, including any applicable appeal period, at which time the parties shall jointly communicate with the Clerk's Office about retrieving such materials from the Court.

11.     Custody and Control.  The recipient of information, documents or things identified as Confidential Information hereunder shall maintain such information, documents or things securely and safely and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information, documents or things.  Confidential

9

Information shall be held in confidence by each person to whom it is disclosed and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Outside Counsel must maintain copies of all executed Certificates of Confidentiality.

12.    Subpoena. Any party or person served with a subpoena or other notice compelling the production of any information, documents or things designated as "Confidential" pursuant to this Stipulated Protective order, is obligated to give prompt telephonic and written notice to the Disclosing Person of such subpoena or other notice. Such notice shall, in any event, be given by the third business day after service of the subpoena or other notice. If the Disclosing Person takes steps to oppose the subpoena, then the person served with the subpoena shall not disclose the pertinent information until the Court has resolved the issue. Absent Court order, production or disclosure shall not in any event be made before notice is given to the Disclosing Person and the Disclosing Person has had at least ten (10) business days to react. Upon receiving such notice, the Disclosing Person shall bear the burden to move to quash or limit the subpoena, if it deems it appropriate, on grounds of confidentiality.

13.    Designation Not Determinative; Challenges to Confidentiality Designations. Inspection, receipt, or filing under seal by a party of information, a document or thing designated as "Confidential" hereunder shall not constitute a concession by that party that the information, document or thing is Confidential Information. Subsequent to the inspection or receipt of information, documents or things designated as "Confidential" hereunder, a party may request the Disclosing Person to redesignate such information, documents or things. Such request shall be by written notice to counsel for the Disclosing Person and shall identify with particularity the information, documents or things to be redesignated. If a dispute arises and it is not resolved

10

within fourteen (14) calendar days of the written notice, a motion for further disclosure or reclassification may be filed with the Court.  Pending the Court's determination of any motion contesting a designation of Confidential Information, the information, documents or things shall retain the prior designation as "Confidential."  However, in connection with any of such motion, the Disclosing Person shall bear the burden of persuading the Court that there is a good-faith basis for contending that the information, documents or things are properly designated as "Confidential" and for opposing any modification of such designation or this Protective Order.

14.   <u>No Obligation to Object to Designation.</u>  The Receiving Party(ies) shall be under no obligation to object to the designation of any document as "Confidential" at the time the designation is made, or at any other time, and a party shall not, by failing to object, be held to have acquiesced or agreed to the designation or be barred from objecting to the designation at any time.  The purpose of this Order is to facilitate discovery in this litigation, and in no manner shall it affect the application of any state or federal law regarding confidentiality of information.

15.   <u>Inadvertent Disclosure.</u>  The inadvertent or unintentional disclosure by the Disclosing Person of information, documents or things that it thereafter believes should have been designated as "Confidential," regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Disclosing Person's claim that the information is Confidential Information, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter; provided, however, the Disclosing Person must notify the Receiving Party(ies) promptly upon discovery of the inadvertent or unintentional failure to designate by giving written notice to the Receiving Party(ies) that the information, documents or things are Confidential Information and should be treated in accordance with the provisions of this

11

Protective Order.  The Receiving Party(ies) must treat such information, documents or things as

Confidential Information, from the date such written notice is received.  Disclosure of such

information or material prior to receipt of such notice to persons not authorized to receive

Confidential Information shall not be deemed a violation of this Protective Order; however, those

persons to whom disclosure was made must be immediately advised that the material disclosed is

Confidential Information, and must be treated in accordance with this Protective Order.  These

persons are also to return such information, documents or things to the Receiving Party(ies)

under the Stipulated Protective Order.

     16.    <u>Additional Disclosures.</u>  In the event that a party to this action shall desire to

provide access to information, documents or things designated as "Confidential" to any person or

category of persons not included in paragraphs 8 or 9 hereof, Outside Counsel for such party

shall provide written notice, via overnight delivery service, to counsel for the Disclosing Person

of its intent to make such disclosure, stating therein the specific information, documents and

things to be disclosed at least fifteen (15) days before any Confidential Information is made

available to such person(s).  With the written notice shall be included a fully, executed copy of

Exhibit A and an identification of the person(s) and the intended purpose for the disclosure to the

person(s) sufficient to allow the Disclosing Person to determine whether such disclosure might

cause it injury.  If the Disclosing Person serves, via overnight delivery service, objections in

writing within fourteen (14) days of such notice, no disclosure shall be made to the person(s),

and the party desiring to make such disclosure may move the Court for an order that such

person(s) be given access to the Confidential Information.  If the motion is granted, such

person(s) may have access to the Confidential Information, provided that such person(s) have

agreed in writing before such access is given to be bound by the terms of this Protective Order,

by signing a copy of the attached Certificate of Confidentiality marked Exhibit A, a copy of which will be provided to the Disclosing Person before the Receiving Party(ies) transmits such information to such person(s).

17.    Use at Trial.  Issues relating to confidentiality and public access to information to be presented at trial will be addressed at a future time, if necessary.

18.    Disposition After Final Termination.  Within thirty (30) days after final termination of this litigation, including all appeals, the Disclosing Person shall notify the Receiving Party(ies) whether to return or destroy all Confidential Information delivered by the Disclosing Person.  Any Confidential Information retained by Outside Counsel shall be limited to preservation of the file on this action and shall not, without the written permission of the Disclosing Person or an order of the Court, be disclosed to anyone other than such Outside Counsel.  Within sixty (60) days after the final termination of this action, including any applicable appeal period, the attorneys for each party shall deliver an affidavit to the Disclosing Person certifying that all information, documents, and things produced by the Disclosing Person designated as "Confidential," and any copies thereof, have been returned or destroyed in accordance with the terms of this Stipulated Protective Order.  Any party retaining any Confidential Information as part of preservation of its file may destroy it at a later date without notification.

19.    Disclosure in Certain Circumstances.  The restrictions set forth in the preceding paragraphs shall not apply to information that

(a)    at or prior to disclosure thereof in this action, is or was a matter of public knowledge or was independently obtained by the Receiving Party(ies); or

13

(b)      after the time of disclosure herein, become a matter of public knowledge

other than by act or omission of the Receiving Party(ies) or its agents, experts,

consultants or attorneys.

No party hereto shall be bound by this Stipulated Protective Order as to any information,

documents or things that it possessed prior to the entry of this Stipulated Protective Order, unless

the information, documents or things were provided to the Receiving Party(ies) in response to a

discovery request in the current litigation prior to the date of the entry of the Stipulated

Protective Order and were subsequently designated as "Confidential" pursuant to paragraph 5.

20.      <u>Modification.</u> This Stipulated Protective Order shall be without prejudice to the

right of any party to seek modification of any provision of this order, or a modification of its

applicability with respect to any specific information subject hereto.

21.      <u>Service of Notices.</u>  All notices required by this Stipulated Protective Order are to

be served via hand delivery or facsimile, to the appropriate counsel of record.  The date by which

a party to this action receiving a notice shall respond, or otherwise take action, shall be computed

from the date indicating when the facsimile or hand delivery was received.

22.      <u>Duration; Continuing Jurisdiction.</u>  This Stipulated Protective Order shall survive

the final adjudication of this litigation (including any appellate proceedings), and termination of

proceedings shall not relieve any person or party from the obligations of this Stipulated

Protective Order.  The parties and any other person subject to the terms of this Stipulated

Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of

enforcing this Order, including the entering of an order for injunctive relief.

23.      <u>Future Representation by Counsel.</u>  It is not the intent of the parties, nor of the

Court, that an attorney or law firm that acquires knowledge of (or is given access to) protected

information pursuant to this Order should thereby be disqualified from other representations adverse to the producing party solely because of such knowledge (or access).

Respectfully submitted,

Smith & Nephew, Inc.
By its attorneys,

Mark Vorder-Bruegge, Jr.

Stryker Corporation and Howmedica Osteonics
Corporation
By their attorneys

Charles F. Newman

SO ORDERED:

United States District Judge

Dated: June 6, 2005

15

Exhibit A

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I have received and read a copy of the Stipulated Protective Order in this case and I agree to abide by its terms.  I understand that materials disclosed to me and designated "Confidential" are subject to various restrictions of use and disclosure, including the restriction that they are to be used and considered solely in connection with this litigation, and not for any business or other purpose whatsoever.  I further agree to submit to the jurisdiction of the United States District Court for the Western District of Tennessee for the purpose of enforcing my compliance with the Stipulated Protective Order.

DATED this _____ day of _____, 200___.

Name:      _____

Address:   _____

           _____

Phone:     _____


Sworn to under the pains and penalties of perjury:


Signature:   _____

## (PROPOSED) ORDER OF IMPOUNDMENT

There having been filed a motion requesting impoundment of certain Confidential

Information within the meaning of the Stipulated Protective Order entered by the Court on

_____, and it appearing that there is good cause to impound such Confidential

Information;

IT IS HEREBY ORDERED that the material identified as follows:

_____, shall be impounded until sixty (60) days

after the entry of final judgment herein, including any applicable appeal period.  Thereafter, the

Confidential Information shall be returned to counsel for the party who filed it.  Such counsel

shall handle the material returned to them according to the terms of the Stipulated Protective

Order entered by the Court.


_____


Dated: _____, 2005

510276.5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 40 in
case 2:04-CV-02446 was distributed by fax, mail, or direct printing on
July 1, 2005 to the parties listed.

---

Douglas F. Halijan
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Gregory J. Vogler
MCANDREWS HELD & MALLOY, LTD.
500 West Madison St.
34th Floor
Chicago, IL 60661

Glen G. Reid
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Charles F. Newman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103--221

Timothy J. Malloy
MCANDREWS HELD & MALLOY, LTD.
500 West Madison St.
34th Floor
Chicago, IL 60661

Sharon A. Hwang
MCANDREWS HELD & MALLOY, LTD.
500 West Madison St.
34th Floor
Chicago, IL 60661

Mark Vorder-Bruegge
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Honorable J. Breen
US DISTRICT COURT